UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK ORTIZ, #53155 </br></br> Plaintiff, </br></br> vs. </br></br> RENEE BAKER, *et al.*, </br></br> Defendants. | 3:10-cv-00290-HDM-RAM </br></br> **ORDER** |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The court now reviews the complaint.

**I.  Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id*. at 327. The critical inquiry is whether a

constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689

1  (9th Cir. 2006).

2  **II. Instant Complaint**

3  Plaintiff, who is incarcerated at Ely State Prison ("ESP"), has sued the Nevada
4  Department of Corrections ("NDOC"), as well as NDOC Director Howard Skolnik, ESP Warden
5  McDaniel, ESP Associate Warden of Programs ("AWO") Renee Baker, ESP caseworker Robert
6  Chambliss, ESP chaplain James Stogner, and Greg Cox. Plaintiff alleges that defendants denied his
7  "demand/request" to practice Judaism and to receive a kosher diet, in violation of his First Amendment
8  rights.

9  As an initial matter, while plaintiff names NDOC as a defendant, states and any
10  governmental agency that is an arm of the state are not persons for purposes of § 1983. *See Arizonans*
11  *for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58,
12  71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*,
13  993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320,
14  1327 (9th Cir. 1991); *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-
15  25 (9th Cir. 2007). Section 1983 claims against states or a governmental entity that is an arm of the state,
16  therefore, are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded
17  by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).
18  Because NDOC is one of the arms of the State, it is not a person for the purposes of § 1983. *See Doe*,
19  131 F.3d 836; *Black v. Nevada Dept. Of Corrections*, 2010 WL 2545760 at *2 (Slip Copy, June 21,
20  2010, D.Nev.). Accordingly, the claims against NDOC are dismissed with prejudice.

21  Turning to the substance of plaintiff's complaint, the First Amendment to the United
22  States Constitution provides that Congress shall make no law respecting the establishment of religion,
23  or prohibiting the free exercise thereof. U.S. Const., amend. I. The United States Supreme Court has
24  held that prisoners retain their First Amendment rights, including the right to free exercise of religion.
25  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The Court has also recognized that limitations
26  on a prisoner's free exercise rights arise from both the fact of incarceration and from valid penological

objectives. *Id.; McElyea v. Babbit*, 833 F. 2d 196, 197 (9th Cir. 1987).

Prison regulations alleged to infringe on the religious exercise right must be evaluated under the "reasonableness" test set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). *O'Lone*, 382 U.S. at 349; *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997) (recognizing that the United States Supreme Court's decision in *City of Boerne v. P.F. Flores*, 521 U.S. 507 (1997), invalidated the Religious Freedom Restoration Act and restored the "reasonableness test" as the applicable standard in free exercise challenges brought by prison inmates).

In determining the reasonableness of a challenged restriction on First Amendment rights, the court considers four factors. First, there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it, and the governmental objective must itself be a legitimate and neutral one. A second consideration is whether alternative means of exercising the right on which the regulation impinges remain open to prison inmates. A third consideration is the impact accommodation of the asserted right will have on guards, other inmates, and the allocation of prison resources. Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation. *Allen v. Toombs*, 827 F.2d 563, 567 (9th Cir. 1987) (citing *Turner v. Safley*, 482 U.S. at 89-91).

Plaintiff merely alleges, with no elaboration, that defendants have refused to permit him to practice Judaism and to receive a kosher diet in violation of his First Amendment rights. This court finds that the claims are so vague that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts engaged in by defendants that support plaintiff's claim. *Id.* Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.

Further, plaintiff has not described how any defendants have acted or failed to act in violation of his constitutional rights. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]  . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Therefore, this complaint must also be dismissed because plaintiff has failed to link the named defendants with some affirmative act or omission.

The court also notes in particular that plaintiff has named NDOC Director Howard Skolnik and ESP Warden McDaniel as defendants. The court cautions plaintiff that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007); *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (concluding proper to dismiss where no allegations of knowledge of or participation in alleged violation).

Plaintiff is granted leave to file an amended complaint if he is able to set forth specific facts regarding these alleged violations of his constitutional rights. If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each defendant

5

1  to the best of his ability, clarify what constitutional right he believes each defendant has violated and
2  support each claim with factual allegations about each defendant's actions.  Again, there can be no
3  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
4  defendant's actions and the claimed deprivation. *Rizzo*, 423 U.S. 362; *May v. Enomoto*, 633 F.2d 164,
5  167 (9th Cir. 1980); *Johnson*, 588 F.2d at 743.  Plaintiff's claims must be set forth in short and plain
6  terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed.
7  R. Civ. P. 8.
8           Plaintiff is informed that the court cannot refer to a prior pleading in order to make
9  plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be
10 complete in itself without reference to any prior pleading. This is because, as a general rule, an amended
11 complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once
12 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
13 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each
14 defendant must be sufficiently alleged.

15  **III. Conclusion**

16           **IT IS THEREFORE ORDERED** that the Clerk of Court shall detach and **FILE** the
17 complaint.  (Docket #1, Exhibit B).
18           **IT IS FURTHER ORDERED** that the Nevada Department of Corrections ("NDOC")
19 is **DISMISSED** from this action.
20           **IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH**
21 **LEAVE TO AMEND**.
22           **IT IS FURTHER ORDERED** that plaintiff will have until Thursday, August 26th, 2010,
23 to file his amended complaint, if he believes he can correct the noted deficiencies.  The amended
24 complaint must be a complete document in and of itself, and will supersede the original complaint in
25 its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward
26 in the amended complaint will no longer be before the court.

6

1   **IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint
2   as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint
3   Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **3:10-**
4   **CV-00290-HDM-RAM**, above the words "FIRST AMENDED"in the space for "Case No."
5   **IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not
6   timely file an amended complaint in compliance with this order, this case may be immediately
7   dismissed.
8   **IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983
9   civil rights complaint form with instructions along with one copy of the original complaint.

DATED this 27th day of July, 2010.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE