UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| FRANK ORTIZ, #53155 | ) ) ) | |
| Plaintiff, | ) ) | 3:10-cv-00290-HDM-RAM |
| vs. | ) ) | **ORDER** |
| RENEE BAKER, *et al.*, | ) ) | |
| Defendants. | ) / | |

On July 27, 2010, the court dismissed this *pro se* civil rights complaint with leave to file an amended complaint within thirty days. (Docket #10). Before the court is plaintiff's motion for district judge to reconsider order. (Docket #13).

Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, "[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment . . . " *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005). However, reconsideration is an "extraordinary remedy, to be used sparingly." Absent highly unusual circumstances, a motion for reconsideration will not be granted " unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

In its order of July 27, 2010, the court dismissed the complaint with leave to file an amended complaint and also dismissed Nevada Department of Corrections ("NDOC") from the action because states and any governmental agency that is an arm of the state are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff claims that dismissal of NDOC was improper because defendants waived their Eleventh Amendment immunity when they removed this matter from state to federal court. (*See* docket #s 13, 16). While plaintiff is correct that a state waives its Eleventh Amendment immunity from suit when it removes a case to federal court, regardless of the type of claim (federal or state) asserted (*Independent Living Ctr. Of S. Cal. v. Maxwell-Jolly*, 572 F.3d 644, 662 (9th Cir. 2009)), he conflates the statutory requirements of § 1983 that a defendant be a person with Eleventh Amendment immunity. The scope of liability under § 1983 and the scope of the Eleventh Amendment are "separate issues" even if closely related. *Will*, 491 U.S. at 64. Even if the state waives its Eleventh Amendment immunity in a § 1983 action, it is still not subject to suit because it is not a "person" under § 1983. *Id.*; *see also Itagaki v. Frank*, 2010 WL 2640110 (D. Hawai'i, June 29, 2010). Plaintiff has failed to present any basis for the court to reconsider its order. Accordingly, plaintiff's motion for district judge to reconsider order is denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion for district judge to reconsider order (docket #13) is **DENIED.**

Dated this 23rd day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE